IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

KATHARINE GOLDSTONE AND ANDREW GOLDSTONE,
 husband and wife and as parents of HENRY GOLDSTONE, a minor,

    Plaintiffs,

v.

NEXTHEALTH TECHNOLOGIES; ADP, INC. d/b/a ADP TOTAL SOURCE; AND
 AETNA LIFE INSURANCE COMPANY,

    Defendant.

## COMPLAINT

COME NOW the Plaintiffs, Katharine Goldstone and Andrew Goldstone, husband and wife, and as the parents of Henry Goldstone, a minor, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submit this Complaint against the above-named Defendants.

### PARTIES

1.    Plaintiffs, Katharine Goldstone and Andrew Goldstone, are natural persons and citizens of the State of Colorado, who reside together in Centennial, Colorado, with a current mailing address of 7059 South Magnolia Circle, Centennial, Colorado 80112. They are the parents of the minor Plaintiff, Henry Goldstone.

2.    Defendant, NextHealth Technologies, Inc. ("NextHealth") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado. The

Defendant's registered agent for service of process is Eric Grossman, 999 18th Street, Suite 2600S, Denver, Colorado 80202.

3. Defendant, ADP, Inc. d/b/a ADP Total Source ("ADP") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the handling and processing of employee benefit claims. The Defendant's registered agent for service of process is C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

4. Defendant, Aetna Life Insurance Company ("Aetna") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale and adjusting of health insurance claims. The Defendant's registered agent for service of process is C T Corporation System, 7700 East Arapahoe Road, suite 220, Centennial, Colorado 80112-1268.

## JURISDICTION AND VENUE

5. At all pertinent times, Defendants sponsored, administered and/or insured an employee benefit plan which provides medical and other insurance benefits to employees of NextHealth. The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.* ("ERISA"), and/or other applicable Federal laws.

6. At all pertinent times, Plaintiff Andrew Goldstone was a full-time employee of NextHealth and he, his wife and child were "participants" in or "beneficiaries" of the Plan within the meaning of ERISA.

7. Thus, and at all pertinent times, Plaintiffs were all covered by the provisions of the Plan, including coverage for medical benefits subject to the terms and conditions of the Plan.

8. Under the terms of the Plan and/or Federal law, Plaintiffs were entitled to the opportunity for continuation of their health insurance coverage pursuant to the Consolidated Budget Reconciliation Act of 1985 ("COBRA"), in the case of a "qualifying event." The policy also provides for the continuation of health insurance coverage.

## JURISDICTION AND VENUE

9. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiffs' rights protected by Federal law, including their rights under ERISA and/or COBRA.

10. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiffs reside, and wherein Defendants regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

11. At all pertinent times, Plaintiff Andrew Goldstone was employed by NextHealth.

12. NextHealth offers its employees, and their family members, health insurance benefits through an ERISA-governed employee benefit plan which is insured by a policy purchased from Aetna.

13. On or about August 31, 2019, Plaintiff Andrew Goldstone ended his employment with NextHealth.

14. Upon information and belief, at all pertinent times, NextHealth had 20 or more employees and is therefore covered by the continuation provisions of COBRA, including its notice provisions.

15. At the time Mr. Goldstone's employment ended, all Plaintiffs were covered by the Aetna health insurance policy issued to NextHealth employees.

16. Pursuant to COBRA, a "qualifying event" therefore occurred on or about August 31, 2019.

17. Shortly thereafter, Plaintiffs applied for COBRA coverage, and for the continuation of their medical benefits, under the Aetna policy. This included coverage for all Plaintiffs.

18. Upon information and belief, NextHealth is the COBRA Administrator as defined by the statute.

19. Upon information and belief, ADP adjusts and processes COBRA claims on behalf of NextHealth.

20. Plaintiffs timely submitted the COBRA application and other paperwork, and submitted payment.

21. On or about September 12, 2019, the minor Plaintiff had reasonable and necessary eye surgery.

22. Upon information and belief, the procedure was covered under the terms of the Aetna health insurance policy.

23. Prior to September 12, 2019, Defendants, and specifically Defendant Aetna, pre-authorized the surgery with the healthcare provider.

24. Thereafter Aetna paid for the cost of the surgery.

25. In or around October, 2020, Defendants reclaimed the payment from Plaintiffs' medical providers, falsely claiming Plaintiffs did not elect COBRA, and/or otherwise did not have coverage under the policy.

26. Upon information and belief, Defendants NextHealth and ADP improperly processed Plaintiffs' COBRA application, and/or provided mis-information to Aetna in this regard; failed to reasonably communicate with Plaintiffs regarding their benefits; and/or otherwise failed to provide Plaintiffs with benefits to which they were entitled.

## FIRST CLAIM FOR RELIEF; VIOLATION OF COBRA/ERISA
## PLAINTIFFS V. ALL DEFENDANTS

27. At all pertinent times, Plaintiffs were eligible for continuation of their health insurance benefits pursuant to ERISA/COBRA.

28. Defendants improperly failed to process Plaintiffs' claims, and failed to reasonably communicate with Plaintiffs regarding the status of their coverage.

29. Plaintiffs were injured as a result, including but not limited to unpaid medical benefits.

## SECOND CLAIM FOR RELIEF; BREACH OF FIDUCIARY DUTY
## PLAINTIFFS V. ALL DEFENDANTS

30. At all pertinent times, Defendants were fiduciaries.

31. As such, Defendants owed a fiduciary duty to provide Plaintiffs with truthful and accurate information; to communicate in a reasonable manner; and to act in Plaintiffs' best interests.

32. Defendants breached said duties as set forth herein.

33. Plaintiffs were injured as a result, including but not limited to unpaid medical benefits.

## **DAMAGES**

34. The Defendants' above-alleged wrongful conduct caused injuries and damages to the Plaintiffs, including but not limited to: Past and future economic damages, including but not limited to unpaid medical expenses, interest, attorney fees and costs.

WHEREFORE, Plaintiffs request judgment and damages against Defendants, individually, jointly and severally as follows:

- A. A declaratory judgment that Defendant has violated Plaintiffs' rights under ERISA/COBRA;

- B. An injunction and/or other appropriate equitable other relief, including but not limited to §502(a)(1)(b) ordering Defendants to make Plaintiffs whole and/or to return them to the position Plaintiffs would have obtained in the absence of Defendants' wrongful conduct;

- C. Retroactive reinstatement of medical benefits and payment of all medical benefits incurred during the relevant time period;

- D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a), COBRA and/or other applicable case law;

- E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1), and/or as otherwise authorized by law; and

   F. Such other and further relief as this Court deems just and appropriate.

Dated this 8th day of November, 2021.

                    SILVERN & BULGER, P.C.

                    *s/Thomas A. Bulger, Esq.*

                    _____
                    Thomas A. Bulger, Esq.
                    Counsel for Plaintiff
                    4800 Wadsworth Boulevard, Suite 307
                    Wheat Ridge, Colorado   80033
                    (3030 292-0044
                    Facsimile (303) 292-1466
                    Email: counsel@silvernbulger.com

**Plaintiffs' address:**

7059 South Magnolia Circle
Centennial, Colorado 80112